IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEPHANIE ANNE DIXON                                                            PLAINTIFF

vs.                           Civil No. 4:14-cv-04101

NANCY BERRYHILL                                                                  DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Stephanie Ann Dixon ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 14.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB and SSI were filed on November 3, 2011. (Tr. 4, 474-483). Plaintiff alleged she was disabled due to uncontrollable blood pressure, nerve problem in right leg, and obesity. (Tr. 533). Plaintiff alleged an onset date of September 27, 2011. (Tr. 521). These

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

applications were denied initially and again upon reconsideration. (Tr. 103-106, 204-212). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 213).

Plaintiff's initial administrative hearing was held on January 17, 2013. (Tr. 296-335). Following this hearing, on April 30, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 110-129). On July 1, 2014, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 130-133). Following this, Plaintiff appealed the ALJ's April 30, 2013 decision to this Court. ECF No. 1.

While this matter was pending before this Court, Plaintiff filed a Title XVI application for SSI, alleging disability due to uncontrollable hypertension, bipolar disorder, depression, and anxiety. (Tr. 25, 591). That application was denied initially and on reconsideration. (Tr. 25, 414-417, 424-426).

On March 25, 2015, this Court remanded this case for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g) because a significant portion of the recording of the January 17, 2013 hearing was inaudible, and, therefore, a complete transcript of the hearing could not be prepared. (Tr. 135-143). On April 24, 2015, the Appeals Council remanded the case for any further action needed to complete the record. (Tr. 147). The Appeals Council also directed the ALJ to consolidate the DIB and SSI claims filed on November 3, 2011 with the subsequent SSI claim filed in July 21, 2014, to create a single electronic record, and to issue a new decision on the consolidated claims. *Id*.

Plaintiff's second administrative hearing was held on July 16, 2015. (Tr. 65-102). Plaintiff was present and was represented by counsel, Howard Goode, at this hearing. *Id.* Plaintiff, her

2

daughter, and Vocational Expert ("VE") Juanita Grant, testified at the hearing. *Id.*

On January 14, 2016, the ALJ issued a decision on Plaintiff's November 3, 2011 applications for DIB and SSI finding Plaintiff not disabled. (Tr. 46-57). On January 28, 2016, the ALJ issued a separate, but substantively identical decision, on Plaintiff's July 1, 2014 application for SSI finding Plaintiff not disabled. (Tr. 3-4, 25-36).

The Appeals Council assumed jurisdiction on October 19, 2016 pursuant to 20 C.F.R. §§ 404.984(b)(3), 416.1484(b)(3) and issued a decision on February 14, 2017. (Tr. 3-6). The Appeals Council indicated the ALJ had not consolidated the claims as ordered and vacated both of the ALJ's decisions from January 2016. (Tr. 3-4). However, the Appeals Council adopted the ALJ's findings in those decisions, as well as any pertinent legal provisions and applicable evidentiary facts. *Id.* The Appeals Council consolidated Plaintiff's November 3, 2011 and July 21, 2014 DIB and SSI claims, and found Plaintiff had not been disabled under the Act from September 17, 2011, through the ALJ's January 28, 2016 decision. (Tr. 3-6).

In the February 14, 2017 decision, the Appeals Council determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 17, 2011. (Tr. 5, Finding 1). The Appeals Council also determined Plaintiff had the severe impairments hypertension, obesity, bipolar disorder II, and anxiety disorder. (Tr. 5, Finding 2). They then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 5, Finding 3)

In this decision, the Appeals Council determined Plaintiff retained the RFC to perform light work except could only occasionally climb stairs and ramps; never climb ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; could perform simple, routine, and

3

repetitive tasks, and could occasionally respond appropriately to supervisors, coworkers, and the public. (Tr. 5, Finding 4). The Appeals Council then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 5, Finding 6). They found Plaintiff was capable of performing her PRW as a production worker. *Id.* The Appeals Council, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 5, Finding 8). Based upon this finding, it was determined Plaintiff had not been under a disability as defined by the Act from any time through January 28, 2016. (Tr. 5, Finding 9).

On September 15, 2017, this Court reopened this case for review of the Commissioner's final decision. ECF No. 16. Both Parties have filed appeal briefs. ECF Nos. 23, 24. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

5

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in the weight given the opinions of Plaintiff's physicians. ECF No. 23. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 24.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the objective findings of Dr. George Garrett and Dr. Ola Adabogun in assessing Plaintiff's RFC. ECF No. 23, Pgs. 4-7. However, Plaintiff's argument is without merit.

The decision gave the opinions of Dr. Garrett "little weight." (Tr. 34). In the decision, reasons for the treatment of the opinions of Dr. Garrett were set forth. These included the fact that the issue of disability is an issue reserved to the Commissioner, the record did not support the need for constant leg elevation as Plaintiff is not prone to edema, the record does not support the need to miss multiple days a month from work, and Plaintiff was doing well and her hypertension was

controlled well with medication. *Id*. Additionally, the relevant medical evidence, which was discussed in detail in the decision, supports the treatment of Dr. Garrett's opinions.

The decision also properly assigned little weight to Dr. Adabogun's opinions and provided valid reasons for the weight given to the opinions. The decision noted the evidence showed Plaintiff's symptoms from her bipolar and anxiety disorders responded positively to medication, and despite the impairments, Plaintiff remained functional mentally with the ability to complete her activities of daily living with little interference. (Tr. 34). Further, as with Dr. Garrett's opinions, the relevant medical evidence, which was discussed in detail in the decision, supports the treatment of Dr. Adabogun's opinions.

The ALJ properly decided to give little weight to the restrictive limitations found by Dr. Garrett and Dr. Adabogun. The ALJ committed no error in his treatment of medical opinions from Plaintiff's physicians.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **15th day of May 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE